909 F.2d 1483
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Maurice KANE, Plaintiff-Appellant,
v.
Jerome J. ROCHLIN, Defendant-Appellee.
 No. 89-2280.
 United States Court of Appeals, Sixth Circuit.
 Aug. 3, 1990.
 
 Before MILBURN and RALPH B. GUY, Jr., Circuit Judges, and TIMBERS, Senior Circuit Judge.*
 PER CURIAM.
 
 
 1
 Pursuant to the provisions of 11 U.S.C. Sec. 727, plaintiff, Maurice Kane, an unsecured creditor, sought to prevent the discharge in bankruptcy of defendant, Jerome Rochlin. Kane had filed a previous adversary proceeding alleging fraud on the part of Rochlin, which was dismissed. The complaint objecting to the discharge was predicated upon the allegation that "Debtor has concealed, destroyed, multilated, falsified, or failed to keep or preserve recorded information, including books, documents, records and papers from which the Debtor's financial condition or business transactions might be ascertained...." (App. 10).
 
 
 2
 Because the allegations of Kane's complaint were broad and general, Rochlin sought greater specificity through the use of interrogatories and a request for the production of documents. After several hearings and months of wrangling over the interrogatories, the bankruptcy judge concluded that Kane had failed to file proper interrogatory answers or produce requested documents, although ordered to do so under threat of dismissal. Accordingly, the bankruptcy judge dismissed the complaint. Kane appealed to the district court and the dismissal was upheld. This appeal followed.
 
 
 3
 Upon a full review of the record, we are unable to conclude that the bankruptcy judge abused his discretion in dismissing the complaint, and we affirm essentially on the basis of the district court and bankruptcy court opinions.
 
 I.
 
 4
 Federal Rule of Civil Procedure 37, which is applicable to adversary proceedings in bankruptcy, allows for the sanction of dismissal for discovery abuses. We review such a dismissal under the following standard:
 
 
 5
 We review a trial court's imposition of sanctions for an abuse of discretion. Professional Seminar Consultants, Inc. v. Sino American Technology Exchange Council, Inc., 727 F.2d 1470, 1473 (9th Cir.1984); United States v. Sumitomo Marine & Fire Insurance Co., 617 F.2d 1365, 1369 (9th Cir.1980). The question is not whether this court would as an original matter impose the sanctions chosen by the trial court, but whether the trial court exceeded the limits of its discretion. See National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642, 96 S.Ct. 2778, 2780, 49 L.Ed.22 747 (1976); In re Visioneering Construction, 661 F.2d at 123.
 
 
 6
 In re Rubin, 769 F.2d 611, 615 (9th Cir.1985).
 
 II.
 
 7
 There were three problems initially with plaintiff's response to the interrogatories. The answers were vague and incomplete, there was no document production, and the plaintiff failed to sign the pleading embodying the answers. Although motions were filed and hearings were held, most of these deficiencies were never completely corrected. Plaintiff did sign a revised set of responses, but he did so in conjunction with an added disclaimer that tended to diminish to a considerable degree the value of having the pleading signed. No documents were ever furnished, and although greater detail was supplied in some of the interrogatory answers, most were left essentially in their original form.
 
 
 8
 The final lapse on the part of the plaintiff, and the one that precipitated the dismissal, was a failure to file the last submitted set of answers with the court. A failure to file normally would not be such a serious matter, but, here, after tiring of the parties' inability to resolve this matter on their own, the bankruptcy judge indicated he was going to look at the plaintiff's response himself, and if inadequate, dismissal was to follow. Judge Graves had denied previous motions for dismissal as a sanction, but in doing so put the plaintiff on notice that dismissal would be the outcome if the interrogatories were not properly answered. Under such circumstances, the failure to file with the court became an omission of much greater moment, particularly since there was still no document production.
 
 
 9
 Although we do not encourage dismissal as a discovery sanction if other less drastic alternatives are available and will work, we think that the district judge acted within a proper range of discretion here. The judge had put the plaintiff on notice, which is a key prerequisite if dismissal is to be used as a sanction, and the judge was very familiar with the proceedings. This bankruptcy proceeding had been on the docket for a long time, and this was the second adversary proceeding that the plaintiff had filed. Additionally, the plaintiff was given the benefit of a hearing on each of the sanction motions filed by the defendant. This was not a case of a judge acting in a fit of pique but, rather, the dismissal came after several months and repeated extensions to give the plaintiff ample opportunity to comply.
 
 
 10
 AFFIRMED.
 
 
 
 *
 Honorable William H. Timbers, United States Court of Appeals for the Second Circuit, sitting by designation